UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SEAN ROWLEY on behalf of himself
those those similarly situated,

        Plaintiff,

                              CASE NO.:

vs.

BYRD'S LAWN & LANDSCAPE,
LLC, a Florida Limited Liability
Company, and SAMUEL BYRD,
Individually,

_____Defendants._____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SEAN ROWLEY, on behalf of himself and those similarly situated, by and through the undersigned attorney, sues the Defendants, BYRD'S LAWN & LANDSCAPE, LLC, a Florida Limited Liability Company, and SAMUEL BYRD, Individually, and alleges:

1.     Plaintiff, SEAN ROWLEY, was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2.     Plaintiff, SEAN ROWLEY, and those similarly situated were

1

employees who worked at Defendants' property within the last three years in Brevard County, Florida.

3.     Plaintiff, SEAN ROWLEY, and similarly situated employees worked for Defendants as an hourly paid employee at an hourly rate of $14.00 per hour.

4.     Plaintiff, SEAN ROWLEY, and similarly situated employees worked as a laborer/landscaper for Defendants.

5.     At all times material to this cause of action, Plaintiff, SEAN ROWLEY, and similarly situated employees were non-exempt employees and therefore entitled to overtime wages for any and all overtime hours worked.

6.     Defendant, BYRD'S LAWN & LANDSCAPE, LLC, is a Florida Limited Liability Company that operates and conducts business in Brevard County, Florida and is therefore, within the jurisdiction of this Court.

7.     According to Florida's Division of Corporations website, www.Sunbiz.org, Defendant lists their principal address as 1289 Seeley Circle NW, Palm Bay, Florida 32907.

8.     Defendant, BYRD'S LAWN & LANDSCAPE, LLC, operates as a lawn maintenance and landscaping company.

9.     According to Defendant's website, Byrd's Lawn & Landscape, LLC offers mowing, edging, string trimming, bed maintenance and weed control, concrete and paver weed control, hedge trimming and pruning, among other landscaping

2

services      for      residential      and      commercial      properties.      See

https://byrdslawnandlandscapefl.com/services/

10.     At all times relevant to this action, SAMUEL BYRD was an individual

resident of the State of Florida, who owned and operated BYRD'S LAWN &

LANDSCAPE, LLC, and who regularly exercised the authority to: (a) hire and fire

employees of BYRD'S LAWN & LANDSCAPE, LLC; (b) determine the work

schedules for the employees of BYRD'S LAWN & LANDSCAPE, LLC, and (c)

control the finances and operations of BYRD'S LAWN & LANDSCAPE, LLC.  By

virtue of having regularly exercised that authority on behalf of BYRD'S LAWN &

LANDSCAPE, LLC,  SAMUEL BYRD is/was an employer as defined by 29 U.S.C.

§ 201, et seq.

11.     This action is brought under the FLSA to recover from Defendants

overtime compensation, liquidated damages, and reasonable attorneys' fees and

costs.

12.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.

§1331 and the FLSA.

13.     During Plaintiff's employment with Defendants, Defendant, BYRD'S

LAWN & LANDSCAPE, LLC, earned more than $500,000.00 per year in gross

sales.

14.     Defendant, BYRD'S LAWN & LANDSCAPE, LLC, employed

approximately ten (10) employees and paid these employees plus earned a profit from their business.

15.     During Plaintiff's employment, Defendant, BYRD'S LAWN & LANDSCAPE, LLC, employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as lawn care products, lawn chemicals, grass pallets, mowers, blowers, weed whackers, and other tools/materials used to run the business.

16.     Therefore, at all material times relevant to this action, Defendant, BYRD'S LAWN & LANDSCAPE, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

17.     Additionally, Plaintiff, SEAN ROWLEY, and similarly situated employees are individually covered under the FLSA.

## FLSA Violations

18.     At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff and similarly situated employees performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff and similarly situated employees for all overtime hours worked.

19.     During their employment with Defendants, Plaintiff and similarly situated employees were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

20.     Specifically, Plaintiff's and similarly situated employees' official paycheck would never exceed forty (40) hours per week. Any hours in excess of forty (40) were paid in cash and at their regular rate ($14.00/hour).

21.     Plaintiff and similarly situated employees are entitled to the half-time premium for all hours worked in excess of forty (40) per week.

22.     Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay.

23.     Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

24.     Plaintiff and similarly situated employees reincorporate and readopts all allegations contained within Paragraphs 1-23 above as though stated fully herein.

25.     Plaintiff and similarly situated employees are/were entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

26.     During their employment with Defendants, Plaintiff and similarly situated employees worked overtime hours but were not paid time and one-half compensation for same.

27.     Plaintiff and similarly situated employees were paid their regular rate

for all hours worked regardless of how many overtime hours were worked in the workweek.

28.     Additionally, Defendants had a method of compensating Plaintiff weekly by both paycheck and cash.

29.     Specifically, Defendants would not compensate Plaintiff any more than forty (40) hours on his paycheck and but would pay remaining wages in cash.

30.     Defendants have failed provide accurate overtime compensation for numerous pay periods.

31.     Defendants did not have a good faith basis for their decision not to pay Plaintiff and similarly situated employees full overtime compensation.

32.     In addition, Defendants failed to post the required informational listings for the Plaintiff and other employees pursuant to the FLSA.

33.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff and similarly situated employees time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff and similarly situated employees have suffered damages plus incurring reasonable attorneys' fees and costs.

34.     As a result of Defendants' willful violation of the FLSA, Plaintiff and similarly situated employees are entitled to liquidated damages.

35.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, SEAN ROWLEY demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this __24__ day of May, 2021

Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:  (407) 420-1414
Facsimile:  (407) 867-4791
Email:        mgunter@forthepeople.com
Attorneys for Plaintiff